# EXHIBIT 6



null / ASB
**Transmittal Number: 22028144**
**Date Processed: 09/16/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Carla Niese<br>Vorys Sater Seymour & Pease<br>52 E Gay St<br>Columbus, OH 43215-3108 |
| **Electronic copy provided to:** | Sheryl Arneson<br>Gwen Bernardy-Bauer<br>Canhnha Luu<br>Susan Harty |

| | |
|---|---|
| **Entity:** | 3M Company<br>Entity ID Number  3571748 |
| **Entity Served:** | 3M Company |
| **Title of Action:** | Bobby Strunk vs. 3M Company, f/k/a Minnesota Mining and Manufacturing Company |
| **Matter Name/ID:** | Bobby Strunk vs. 3M Company, f/k/a Minnesota Mining and Manufacturing Company (10510842) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Leslie County Circuit Court, KY |
| **Case/Reference No:** | 20-CI-00113 |
| **Jurisdiction Served:** | Kentucky |
| **Date Served on CSC:** | 09/15/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Kyle R. Salyer<br>606-789-1135 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | Case #:  **20-CI-00113**<br>Court:   **CIRCUIT**<br>County:  **LESLIE** |

*Plaintiff,* **STRUNK, BOBBY ET AL VS. 3M COMPANY ET AL,** *Defendant*

TO:  **CORPORATION SERVICE COMPANY**

    **421 WEST MAIN STREET**

    **FRANKFORT, KY 40601**

Memo: Related party is 3M COMPANY

The Commonwealth of Kentucky to Defendant:
**3M COMPANY**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                          *Leslie Circuit Clerk*

                                          Date: **8/31/2020**

*Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)*

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____ , 20 _____

                                      _____
                                      Served By

                                      _____
                                      Title



*eFiled*

### COMMONWEALTH OF KENTUCKY
### LESLIE CIRCUIT COURT
### CIVIL ACTION NO. 20-CI-

BOBBY STRUNK, DOUGLAS BEGLEY,                    **PLAINTIFF(S)**
JIMMY D. COLLINS, GREG COZORT,
JIMMY R. GRAY, ROBERT HALL
RICKY HOSKINS, RENO JOHNSON,
KENNETH LAWSON, LOWELL D. MORGAN,
HOWARD MUNCY, JERRY NAPIER,
DAVID SMITH, and ORVILLE SPARKS

V.                              __COMPLAINT__

3M COMPANY, a foreign corporation, f/k/a         **DEFENDANT(S)**
MINNESOTA MINING AND MANUFACTURING
COMPANY;

AEARO TECHNOLOGIES, LLC,; AEARO LLC,
AMERICAN OPTICAL CORPORATION,; CABOT CSC
CORPORATION, CABOT CORPORATION, ,

MINE SAFETY APPLIANCES COMPANY, LLC, f/k/a
MINE SAFETY APPLIANCES COMPANY

MINE SERVICE COMPANY, INC.;

DIRECTOR, Division of Workers' Compensation
Funds, Successor to the Special Fund;

OLD REPUBLIC INSURANCE COMPANY, ,

KENTUCKY MINE SUPPLY;

KENTUCKY EMPLOYER'S MUTUAL INSURANCE,

KENTUCKY COAL WORKERS PNEUMOCONIOSIS
FUND, administered by KEMI;

MARCO MINE SUPPLY, INCORPORATED
                              **********

SERVE:     3M Company
           Corporation Service Company
           421 West Main Street

*(right margin, vertical)* Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

*(right margin, vertical)* COM : 000001 of 000023

Frankfort, Kentucky 40601

**Aearo Technologies LLC**
Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

**American Optical Corporation**
Jeff Healy, Esq.
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113

**SECRETARY OF STATE**

**Cabot Corporation**
CT Corporation System, Registered Agent
306 W. Main Street, Suite 512
Frankfort, Kentucky 40601

**Mine Safety Appliances Company, LLC**
c/o CT Corporation,
306 W. Main Street, Suite 512
Frankfort, Kentucky, 40601.

**Mine Service Company, Inc.**
Wallace Cornett, Registered Agent
Highway 15 South
Post Office Box 858
Hazard, Kentucky 41702

**Director**
Kentucky Division of Workers' Compensation Funds
1047 U.S. 127 South, Suite 4
Frankfort, Kentucky 40601

**Kentucky Coal Workers' Pneumoconiosis Fund, administered by
Kentucky Employers Mutual Insurance**
Hon. Margy De Movellan
250 West Main Street Suite 900
Lexington, KY 40507-1724

**Kentucky Employers Mutual Insurance**

Jon E. Stewart, Registered Agent
250 West Main Street Suite 900
Lexington, KY 40507-1724

**Kentucky Mine Supply Company,**
James M. Bushnell, Registered Agent
213 River St.
Harlan, KY 40831

**Old Republic Insurance Company**
**a/k/a Old Republic Financial Acceptance Corporation**
Prentice-Hall Corporation System, Registered Agent
421 West Main Street
Frankfort, Kentucky 40601

**Marco Mine Supply, Incorporated**
Southeastern Land, LLC
81 Enterprise Drive
Debord, KY 41214

Serve by Secretary of State:

**Cabot CSC Corporation**
Two Seaport Lane, Suite 1300
Boston, Massachusetts 02210

Serve by Secretary of State

**Aearo LLC**
5457 West 79th Street
Indianapolis, Indiana, 46268

Comes now the above named Plaintiffs, by and through counsel, for their

Complaint, against the above named Defendants, and state as follows:

## **INTRODUCTION**

1.  This Complaint is filed on behalf of the above named Plaintiffs who:

    a.  worked as coal miners within the Commonwealth of Kentucky;

    b.  were exposed to coal, rock or sand dust as a result

    c.  suffer from coal mine dust lung disease (CMDLD) known as Coal Workers'
Pneumoconiosis and/or Silicosis, commonly referred to as "Black Lung,"
COPD and other injuries by virtue of the failure of the respirators/dust
masks Plaintiffs used to protect themselves from exposure to coal rock
and sand dust while working as a coal mine employee, and

    d.  some of whom have received, or are receiving, Workers' Compensation
("WC") benefits as a result of their Black Lung disease and other related
injuries.

2.  Plaintiffs are citizens of the Commonwealth of Kentucky and residents of and/or
worked a substantial part of their mining careers in LESLIE County, Kentucky.

## RESPIRATORY PROTECTION DEFENDANTS

3.  Defendants, 3M Company, formerly known as Minnesota Mining and
Manufacturing Company (hereinafter "3M"),  American Optical Corporation
(hereinafter "AO"), Cabot Corporation, Aearo LLC .(formerly known as Cabot
Safety Holdings Corporation/Cabot Corporation ("Cabot"), Cabot CSC
Corporation ("CSC", formerly known as Cabot Safety Corporation)Aearo
Technologies, Aearo Technologies LLC (formerly known as Cabot Safety
Acquisition Corporation), Aearo Technologies LLC is a wholly-owned subsidiary
of 3M Company and/or Aearo LLC.   Defendant, Mine Safety Appliances
Company, Llc, F/K/A Mine Safety Appliances Company (hereinafter "MSA") are
or were foreign corporations authorized to do business in the Commonwealth of
Kentucky in various counties, including LESLIE County, which represents
substantial and not isolated activities in this State and who manufactured the

respirators/dust masks used by the Plaintiffs. Defendants Cabot CSC

Corporation (Cabot Safety Corporation) Cabot Corporation, Aearo Technologies,

LLC, Aearo, LLC, and 3M Company are successors in interest in whole or in part

to assets and liabilities of American Optical Corporation and are also liable for

certain defective respirators involved herein,

4. Defendants, 3M Company, American Optical Corporation, Cabot CSC

Corporation (Cabot Safety Corporation) Cabot Corporation, Aearo Technologies,

LLC, Aearo, LLC and Mine Safety Appliances Company (MSA) are collectively

referred to herein as the "Respiratory Protection Defendants." The Respiratory

Protection Defendants manufactured, distributed and/or sold respirators and dust

masks to Plaintiffs' employers which were provided to and worn by Plaintiffs

during their respective work at various coal mines. The respirators/dust masks

were sold and used within the Commonwealth of Kentucky.

## DISTRIBUTION DEFENDANTS

5. Defendant, Mine Service Company, Inc. ("Mine Service"), is a Kentucky

corporation doing business in the Commonwealth of Kentucky with its principal

office in Hazard, Kentucky. Mine Service sold and distributed respirators/dust

masks manufactured and distributed by Respiratory Protection Defendants.

6. Defendant, Kentucky Mine Supply Company, is a Kentucky corporation doing

business in the Commonwealth of Kentucky with its principal office in Harlan,

Kentucky. Kentucky Mine Supply sold and distributed respirators/dust masks

manufactured and distributed by Respiratory Protection Defendants.

7. Defendant, Marco Mine Supply, Incorporated, (hereinafter "Marco") is a Kentucky corporation doing business in the Commonwealth of Kentucky with its principal office in Debord, Kentucky. Marco sold and distributed respirators/dust masks manufactured and distributed by Respiratory Protection Defendants.

## STATUTORY LIEN HOLDERS

8. The Commonwealth of Kentucky is mandated by law to accurately, efficiently, fairly and promptly administer workers' compensation services through the collection of premiums from Kentucky employers and payment of a portion of WC benefits to injured workers whose last injurious exposure occurred subsequent to January 1, 1973, up to December 12, 1996, and to the dependents of fatally-injured workers for claims arising, *inter alia,* for employees suffering from Black Lung disease. The Director is named in this lawsuit in her official capacity only as Director of the Division of Workers' Compensation Fund, the successor to the Special Fund, a division within the Office of Workplace Standards, the Kentucky Department of Labor, the Kentucky Environmental and Public Protection Cabinet (the "Special Fund"). The Special Fund may have paid, or may be continuing to pay, WC benefits on account of Black Lung to some of the Plaintiffs and, by virtue of KRS 342.700, may have a subrogation lien against any recovery some of the Plaintiffs obtain in this lawsuit, with the exception of a recovery for pain and suffering.

9. KEMI is a Kentucky mutual insurance company and has an agent for service of process of Jon Stewart, 250 West Main Street Suite 900, Lexington, KY 40507-1724, and, upon information and belief, paid benefits to one or more of the

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000006 of 000023

Plaintiffs and is joined in this lawsuit by virtue of a possible statutory lien pursuant to KRS 342.700.

10. Defendant, Old Republic Insurance Company, is a Pennsylvania corporation, doing business in the Commonwealth of Kentucky. Its principal office is in Greensburg, Pennsylvania. Defendant, Old Republic Insurance Company may be served with process by serving its registered agent for service: Prentice-Hall Corporation System, Inc., 421 West Main Street, Frankfort, Kentucky 40601. Upon information and belief, this Defendant may have paid or administered WC benefits on account of Black Lung disease to some of the Plaintiffs and is joined in this lawsuit by virtue of a possible statutory lien pursuant to KRS 342.700.

11. Defendant, Kentucky Coal Workers' Pneumoconiosis Fund, Administered by KEMI, a Kentucky Mutual Insurance Company, does business in the Commonwealth of Kentucky. Its principal office is in Lexington, Kentucky. Defendant may be served with process by serving : Hon. Margy de Movellan, KEMI 250 W. Main Street, Suite 900, Lexington, KY 40507. Upon information and belief, this Defendant paid workers compensation benefits on account of Black Lung disease to some of the Plaintiffs and is joined in this lawsuit by virtue of a statutory lien pursuant to KRS 342.700.

12. The Defendants identified in Paragraphs 8, 9, 10 and 11 are referred to as "Statutory Lienholders" because of their possible payments of a portion of WC benefits due to Black Lung disease to the Plaintiffs. The Statutory Lienholders are named in this Complaint in order that all parties possibly having any interest

in any damages the Plaintiffs may recover in this lawsuit may assert any claims

each Statutory Lienholder may have against any party to this Complaint.

## **JURISDICTION AND VENUE**

13. The Plaintiffs, during the scope of their employment, used one or more of the

    respirators/dust masks manufactured by the Respiratory Protection Defendants

    and sold by The Distribution defendants during the time they worked in coal

    mines in LESLIE County, Kentucky.

14. Plaintiffs' claim are brought solely under Kentucky law, and Plaintiffs state that

    they are not bringing any claim, and disclaims any and all claims, under any

    federal law, statute, or regulation.

15. The damages suffered and sought to be recovered herein (compensatory and

    punitive) are in excess of the minimum jurisdictional limits of this Court.

16. Defendants are subject to the *in personam* jurisdiction of the Court by virtue of

    the fact that they did, and/or are doing, business within the Commonwealth of

    Kentucky and committed a tort in whole or in part in this state against the

    Plaintiffs and/or have continuing minimum contacts with the Commonwealth of

    Kentucky.

17. This court has venue of this action in that the Plaintiffs utilized respirators/dust

    masks manufactured, distributed and/or sold by the Respiratory Protection

    Defendants and the Distribution Defendants. The Plaintiffs worked in the coal

    mines in LESLIE County, Kentucky during their mining career. Consequently, this

    cause of action is proper before this Court.

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000008 of 000023

Filed            20-CI-00113    08/31/2020            Carmolitta Morgan-Pace, Leslie Circuit Clerk

18. By reason of the Defendants' manufacture, marketing and sale of defective dust masks, including, but not necessarily limited to the 3M 8710, 3M 8210 and American Optical/Aearo/Cabot masks and the MSA Dustfoe series (collectively described hereafter as respirators or masks), Plaintiffs were exposed to coal, rock, or sand dust on those occasions when they used the respirators/dust masks manufactured by the Respiratory Protection Defendants and sold by the Distribution defendants. The respirators/dust masks used by Plaintiffs as set forth in this Complaint were subjected to normal use and were not altered or modified by the Plaintiffs after the time of sale.   Nevertheless, the respirators/dust masks leaked substantial amounts of undetectable, harmful dust into the Plaintiffs' breathing zones, and such exposures substantially contributed to the development of their lung diseases and other injuries.

19. Plaintiffs developed a progressive, irreversible lung disease known as Coal Workers' Pneumoconiosis and/or Silicosis, COPD, and/or other injuries, caused or contributed to by breathing coal, rock or sand dust, despite wearing the respirators/dust masks manufactured and distributed by the Respiratory Protection Defendants and sold by the Distribution defendants.

20. Plaintiffs were not aware more than one year prior to the filing of this Complaint, and were not possessed of information from which they ought to have been aware of both the nature of their injuries and their causal connection to the defective dust masks manufactured, marketed and/or sold by the Respiratory Protection Defendants and the Distribution defendants.

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000009 of 000023

Filed            20-CI-00113    08/31/2020            Carmolitta Morgan-Pace, Leslie Circuit Clerk

Filed         20-CI-00113    08/31/2020        Carmolitta Morgan-Pace, Leslie Circuit Clerk

## COUNT I

### STRICT TORT LIABILITY CLAIMS AGAINST EACH RESPIRATORY
### PROTECTION DEFENDANT AND EACH DISTRIBUTION DEFENDANT

21. Plaintiffs adopt by reference the allegations contained and set forth above.

22. Each Respiratory Protection Defendant, at all times relevant hereto, was

engaged in the manufacture, distribution and sale of respirators/dust masks.

Each is strictly liable in tort to the Plaintiffs for the following reasons:

    a.  Each Defendant knew or should have known at the time its products were

        placed in the stream of commerce that the respirators/dust masks were

        defective, unsafe and unreasonably dangerous for their intended and/or

        foreseeable uses;

    b.  In designing, manufacturing, and distributing respirators/dust masks in

        such an unreasonably dangerous condition that they were likely to cause

        harm to users thereof, including the Plaintiffs, when being used as

        intended;

    c.  In distributing and selling said products not accompanied by adequate

        warnings of the dangers that were known or knowable at the time of

        marketing;

    d.  Each Defendant knew that the respirators/dust masks would be used by

        the Plaintiffs' coal mine employers and Plaintiffs without inspection for or

        knowledge of the defects therein;

    e.  Each Defendant expected and knew that its respirators/dust masks would

        reach the Plaintiffs and were in fact received by the Plaintiffs without

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000010 of 000023

change in the condition in which the respirators/dust masks were first

manufactured, distributed and sold; and

f.  Plaintiffs were foreseeable users of the respirators/dust masks and used

said products in their intended manner and suffered serious harm because

of said use.

23. As a direct and proximate result of the defects of the respirators/dust masks

herein manufactured, distributed and sold by each Respiratory Protection

Defendant and each Distribution Defendant, the Plaintiffs have incurred both

economic and non-economic damages.

## COUNT II

## NEGLIGENCE CLAIMS AGAINST EACH RESPIRATORY PROTECTION DEFENDANT AND EACH DISTRIBUTION DEFENDANT

24. Plaintiffs adopt by reference the allegations contained and set forth above.

25. Each Respiratory Protection Defendant and each Distribution Defendant is liable

to the Plaintiffs for negligence in one or more of the following particulars, which

negligence was a proximate or contributing cause of the harm and injuries

suffered by the Plaintiffs.

26. Each Respiratory Protection Defendant and each Distribution Defendant

performed or was aware of the research which confirmed that its products would

not sufficiently prevent the users' inhalation of respirable-size, pneumoconiosis-

producing particles that cause a progressive, irreversible lung disease and other

injuries.

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000011 of 000023

27. As a result of the research described above, each Respiratory Protection
Defendant and each Distribution Defendant had full knowledge at all times
relevant to this action that no uniform respirator model adequately fits all
individual faces, and that, without an adequate fit, its products would not prevent
the inhalation of dangerous amounts of disease-causing respirable particles.

28. Each Respiratory Protection Defendant and each Distribution Defendant also
knew that its negative pressure respirator/dust mask should not be used for
protection against very small submicron disease-producing particles.

29. Each Respiratory Protection Defendant and each Distribution Defendant was
aware that harmful respirable substances, such as coal, rock or sand dust, occur
in the coal mine industry in extremely small sizes which would readily penetrate
their dust filter materials. Each Defendant was aware that certain conditions in
the atmosphere, such as submicron particles, heat, humidity, chemical vapors,
smoke, and oil mists, significantly and adversely affected the effectiveness of
their dust filter materials and that the degradation of certain filter materials was at
its worst in underground coal mines. Each Defendant had knowledge that, as a
result, the filter material used in each respirator would allow significant
penetration and leakage of harmful respirable-size particles under typical
circumstances and conditions found in the coal mine industry.

30. Each Respiratory Protection Defendant and each Distribution Defendant knew
that, despite the above deficiencies, its products could possibly meet the minimal
governmental approval standards, yet still failed to provide adequate respiratory
protection to prevent the diseases they were manufactured, marketed and sold to

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000012 of 000023

prevent. Each Respiratory Protection Defendant and each Distribution
Defendant, collectively and in concert with each other, concealed and failed to
disclose to the public at large, its distributors, the purchasers and users of their
products, the research or information which demonstrated the limitations and
failures of their safety products. Instead, each Respiratory Protection Defendant
and each Distribution Defendant claimed its products were safe and effective for
respiratory protection, which included using the governmental approval as a
cover for selling dust masks which they knew were defective and ineffective.

31. Each Respiratory Protection Defendant and each Distribution Defendant is liable
for its negligence in manufacturing, marketing and selling respiratory protective
equipment which it knew or should have known had defects and dangerous
limitations for safe use as stated above, and for its negligence in failing to warn
distributors, purchasers and users that its products could not be safely used with
coal, rock or sand dust during coal mine operations, and in failing to provide
proper instructions, information, or warnings that its products could not provide
adequate respiratory protection against small disease-producing particles.

32. The acts and omissions of each Respiratory Protection Defendant and each
Distribution Defendant were in violation of each's duties to utilize reasonable care
for the safety of users of its products, including the Plaintiffs.

33. As a direct and proximate result of the negligence of each Defendant as set forth
herein above, the Plaintiffs sustained injuries and damages, as aforesaid.

## COUNT III

## BREACH OF IMPLIED WARRANTY AGAINST EACH RESPIRATORY
PROTECTION DEFENDANT AND EACH DISTRIBUTION DEFENDANT

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000013 of 000023

Filed        20-CI-00113    08/31/2020        Carmolitta Morgan-Pace, Leslie Circuit Clerk

34. Plaintiffs adopts by reference the allegations contained and set forth above.

35. At all times material herein, each Respiratory Protection Defendant and each
Distribution Defendant manufactured, sold and distributed respirators/dust masks
and knew the use for which the aforesaid devices were to be used by the
Plaintiffs' coal company employers and the Plaintiffs and impliedly warranted that
the respirators/dust masks were of merchantable quality and safe for their
intended use.

36. Plaintiffs and/or their employers relied upon each Respiratory Protection
Defendant and each Distribution Defendant's judgment in using the aforesaid
respirators/dust masks.

37. The respirators/dust masks manufactured, distributed and sold by each
Respiratory Protection Defendant and each Distribution Defendant were neither
safe for their intended use nor of merchantable quality as warranted by said
Defendants, in that the Plaintiffs developed Coal Workers' Pneumoconiosis
and/or Silicosis and other injuries by utilizing said respirators/dust masks as they
were intended to be used.

## COUNT IV

### INTENTIONAL MISREPRESENTATION CLAIM AGAINST EACH RESPIRATORY PROTECTION DEFENDANT AND EACH DISTRIBUTION DEFENDANT

38. Plaintiffs adopts by reference the allegations contained and set forth above.

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000014 of 000023

39. Despite its knowledge of the limitations and deficiencies of its products, each Respiratory Protection Defendant and each Distribution Defendant engaged in a strategy to promote and sell their faulty respiratory products.

40. Each Respiratory Protection Defendant made false material representations of its products' safety and express warranties in sales literature, advertisements and sales promotional communications.

41. Each Respiratory Protection Defendant and each Distribution Defendant wrongfully, collectively and in concert, pursuant to a common scheme or plan, unjustifiably marketed and advertised the respirator products to be effective against harmful respirable-size pneumoconiosis producing dust as would be found in coal mines, and sold their respirator products under false and/or fraudulent representation that the use of these respirators and dust masks would protect workers by preventing occupational lung disease. Examples of some specific false representations made by the respirator manufacturers and marketers include:

   a. Workers can know for sure that their nose, mouth and lungs are protected. (3M)

   b. The 8710 (model respirator) stops pneumoconiosis and fibrosis producing dusts from ever reaching the lungs. (3M)

   c. The nose needs help. It is not efficient enough to filter out everything harmful to a worker's lungs, things like pneumoconiosis and fibrosis-producing dusts. The 3M brand respirator 8710 is efficient enough. (3M)

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000015 of 000023

42. By reason of the foregoing, each Respiratory Protection Defendant and each
Distribution Defendant intentionally and/or recklessly misrepresented the safety
and efficacy of its respiratory protection products with the intention of inducing
the general public at large, including, but not limited to, the Plaintiffs and their
employers to purchase and/or use its products in reliance on their fraudulent
misrepresentations. Plaintiffs and their employers relied on each Respiratory
Protection Defendant's and each Distribution Defendant's positions that their
respirators/dust masks were safe and effective for use in coal mines.

43. Each Respiratory Protection Defendant and each Distribution Defendant had a
duty to the purchasers, their distributors, and/or users of their products to
communicate accurate information about the safety of those products; said duty
was breached by virtue of concealment of information within the exclusive
knowledge of said Defendants concerning their products and by the above
fraudulent misrepresentations.

44. As a result of such misrepresentations of safety, each Respiratory Protection
Defendant and each Distribution Defendant successfully established a profitable
market for their defective products by causing distributors, purchasers (Plaintiffs'
employers) and end users (including Plaintiffs) to be ignorant of the defects of
their products; these blatant misrepresentations subjected the Plaintiffs and their
employers to a false sense of security and confidence in the safety and
effectiveness of the respiratory protection products used by Plaintiffs.

45. As a result of the maintenance of the market for its defective respirators/dust
masks, each Respiratory Protection Defendant manufactured masks purchased

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000016 of 000023

Filed          20-CI-00113    08/31/2020          Carmolitta Morgan-Pace, Leslie Circuit Clerk

by Plaintiffs' employers who, in reliance upon the representations of the safety of
the products, purchased them for the Plaintiffs, who in turn used them in the
belief that they would provide adequate respiratory protection.

46. Because of their defects, the masks insidiously harmed the Plaintiffs by causing
them to unknowingly inhale harmful substances, which each Respiratory
Protection Defendant and each Distribution Defendant knew all the while would
cause a progressive, irreversible lung disease and other injuries.

47. That each Respiratory Protection Defendant and each Distribution Defendant in
addition to the foregoing concealment of information committed the following acts
of intentional, reckless, grossly negligent and/or fraudulent misrepresentation to
the Plaintiffs and/or his employers, to such extent that each Respiratory
Protection Defendant and each Distribution Defendant are estopped to assert the
Statute of Limitations as an affirmative defense, to wit:

    a.  Concealment of information within the exclusive knowledge of each of said
       Defendants about dust masks/respirators and their safety in coal mines;

    b.  Representations about dust respirators and their safety in coal mines;

    c.  The information provided was false and inaccurate;

    d.  The false information provided was material in nature;

    e.  Each knew the representations and statements it was making were false;

    f.  Each intended that the Plaintiffs and Plaintiffs' employers would rely on
       and act upon the misrepresentations made;

    g.  Plaintiffs and their employers relied on the false representations to their
       detriment; and

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000017 of 000023

Filed          20-CI-00113    08/31/2020          Carmolitta Morgan-Pace, Leslie Circuit Clerk

h.  Plaintiffs and their employers had a right to rely on the representations.

## COUNT V

## DEFENDANT SUPPLIERS WERE NEGLIGENT AND SHOULD HAVE KNOWN OF THE DEFECTS IN THE RESPIRATORS AT THE TIME OF SALE AND, THEREFORE, THEY ARE NOT IMMUNE FROM LIABILITY UNDER THE KENTUCKY MIDDLEMAN STATUTE

48. Plaintiffs adopt by reference the allegations contained and set forth above.

49. Defendant Suppliers are not immune from liability under the Kentucky Middleman Statute. As dust mask/respirator distributor/sellers they knew or should have known at the time of sale that the dust mask/respirators each sold were defective and unreasonably dangerous when used in a coal mine. Each respirator distributor knew or should have known of the following:

a.  That one of the most common type of government-approved dust masks/respirators was unsafe to use for respiratory protection by mine workers:

i.  These respirators had dust filters that were chemically treated and mechanically processed in order to create an electrostatic charge on the filter;

ii.  Authoritative information was readily available in the published literature from multiple sources regarding various conditions and circumstances which will dissipate or remove the electrostatic charge. This results in a significant reduction of the efficiency of the dust filter. Some of these conditions include use or storage of dust filters with exposure to oil mists, high heat, high humidity, moisture,

Filed          20-CI-00113    08/31/2020    Carmolitta Morgan-Pace, Leslie Circuit Clerk

submicron-size solid particles, submicron-liquid particles, smoke
and fume. Examples of the published information include:

1. Respiratory Protective Devices Manual, by Edwin C. Hyatt,
   published by American Industrial Hygiene Association and
   American Conference of Governmental Industrial Hygienists,
   1963; pg. 35, pp. 38-39, pg. 44.

2. A Guide to Industrial Respiratory Protection, by John A.
   Pritchard, published by U.S. Department of Health,
   Education, and Welfare, Public Health Service, Center for
   Disease Control, National Institute for Occupational Safety
   and Health, June, 1976; pp. 31-33, pg. 60.

3. "Respiratory Protective Devices," by Darrel D. Douglas,
   Chapter 21 of Patty's Industrial Hygiene and Toxicology. 3rd
   revised edition, Volume 1, John Wiley &Sons, Inc., 1978; pp.
   1005-1008.

4. A NIOSH Technical Guide...NIOSH Guide to Industrial
   Respiratory Protection, by N. Bollinger, etal., published by
   U.S. Department of Health and Human Services, Public
   Health Service, Centers for Disease Control, National
   Institute for Occupational Safety and Health, Division of
   Safety Research, September 1,1987; pp. 19-20, pg. 52.

iii. That certain types of dust respirators were difficult, if not
impossible, to effectively fit test or fit check to insure a good seal

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000019 of 000023

when the respirator was put on by the wearer. Such information

was published in various authoritative publications, such as:

1. <u>A Guide to Industrial Respiratory Protection</u>, by John A.

   Pritchard, published by U.S. Department of Health,

   Education, and Welfare, Public Health Service, Center for

   Disease Control, National Institute for Occupational Safety

   and Health, June, 1976; pp. 31-33, pg. 60.

50. Defendant Suppliers had a duly to truthfully report and use reasonable means

   and efforts to ascertain the truth about the capabilities and limitations of the dust

   masks/respirators it sold to the Plaintiffs and Plaintiffs' employers for use in coal

   mines.

51. Each Distribution Defendant negligently failed in their duty to the Plaintiffs and,

   as a proximate and/or contributory result thereof, Plaintiffs suffered the injuries

   complained of herein.

**COUNT VI**

**STRICT LIABILITY OF EACH DISTRIBUTION DEFENDANT**

52. Plaintiffs adopt by reference the allegations contained and set forth above.

53. Each Distribution Defendant is not immune under Kentucky Revised Statute

   411.340 as set forth above, and therefore, is liable in strict liability.

54. As a result of the defect of the respirators/dust masks herein distributed and sold

   by  and each Distribution Defendant, the Plaintiffs have incurred both economic

   and non-economic damages.

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000020 of 000023

Filed            20-CI-00113    08/31/2020          Carmolitta Morgan-Pace, Leslie Circuit Clerk

## COUNT VII

### PUNITIVE DAMAGES AGAINST THE RESPRITORY PROTECTION DEFENDANTS AND EACH DISTRIBUTION DEFENDANT

55. Plaintiffs adopt by reference the allegations contained and set forth above.

56. Each Respiratory Protection Defendant and each Distribution Defendant knew that the use of their respirator products could and did cause progressive, irreversible lung disease and other injuries because, among other things, while worn, the respirator products allowed significant leakage of pneumoconiosis-producing dusts.

57. Each Respiratory Protection Defendant and each Distribution Defendant were aware of methods by which to remedy the defects of the respiratory protection devices which it manufactured, distributed and sold.

58. Each Defendant acted maliciously and with willful, wanton and reckless disregard and indifference for the rights and safety of the Plaintiffs by concealing from the general public and the purchasers and users of its products, evidence known and available to said defendant about the defects and deficiencies of its products, and by knowingly designing, producing, manufacturing, marketing, selling and distributing products without warning, which it knew were certain to cause grave irreversible personal injury, and by representing that the devices were safe and effective despite their contrary knowledge.

59. The suppression of information and intentional, reckless and grossly negligent misrepresentations by each Respiratory Protection Defendant and each Distribution Defendant were motivated by their desire to obtain an unjust

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000021 of 000023

economic advantage, including maximizing sales and profits from the sale of its products at the expense of the health and life of the Plaintiffs, as well as a reckless disregard for the lives, safety and welfare of the Plaintiffs.

60. These aforesaid actions constitute malicious, willful, wanton and reckless conduct, and gross negligence, and demonstrate a complete disregard and indifference to the safety of the Plaintiffs. As a result, Plaintiffs seeks an amount in punitive damages against each Defendant that is fair and reasonable as shown by the evidence.

**WHEREFORE**, Plaintiffs demand:

1.    Judgment against each Respiratory Protection Defendant and each Distribution Defendant for compensatory damages in an amount to be determined to be sufficient to compensate them for their actual damages, each in an amount in excess of the jurisdictional limits of this Court;

2.    Judgment for punitive damages against each Respiratory Protection Defendant and each Distribution Defendant in an amount that is just as determined by the evidence;

3.    That the Statutory Lienholders assert any claims pursuant to KRS 342.700 they may have against any party named in the Complaint;

4.    For a trial by jury on all issues so triable;

5.    Their costs herein expended, and for all other proper relief to which they may appear entitled.

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000022 of 000023

Respectfully submitted,


/s/Kyle R. Salyer
Kyle R. Salyer
Morgan, Collins, Yeast & Salyer
PO Box 2213
Paintsville, KY 41240
T (606) 789-1135
F (888) 751-8828

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000023 of 000023



Correction
02 7H                    $ 013.06°
0001260369              SEP 10 2020
MAILED FROM ZIP CODE 40444



Carmolitta Morgan-Pace
Leslie County Circuit Court Clerk
Leslie Circuit & District Courts
Leslie County Courthouse
22010 Main Street, P.O. Box 1750
Hyden, Kentucky 41749-1750

CI  20-CI-00113
641293



9414 7266 9904 2971 2914 37
RETURN RECEIPT REQUESTED

**CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT KY 40601**